# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-341V

|  |  |
|---|---|
| TINA NACKOS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 13, 2025 |

*Elizabeth Kyla Abramson*, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner.

*Camille Jordan Webster*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 4, 2024, Tina Nackos filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration as a result of an influenza vaccination administered to her on October 11, 2021. Petition, ECF No. 1. On April 9, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 33.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $46,371.51 (representing $44,106.10 in fees plus $2,265.41 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 10, 2025, ECF No. 38. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 38-4.

Respondent reacted to the motion on July 24, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 39. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 40.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by attorney Elizabeth Abramson, Altom Maglio and their supporting paralegals, for all time billed through the end of 2025 are reasonable and consistent with our prior determinations and shall be awarded. Additionally, Petitioner requests that I apply the hourly rate of $370.00 for work performed by attorney Sophie Asher. ECF No. 38-2. Ms. Asher has been a licensed attorney since 2015 and is admitted to this Court as of October 2021. ECF No. 42 at 1. Based on my experience applying the factors[3] relevant to determining proper hourly rates for Program attorneys, I find the proposed rate reasonable and hereby award Ms. Asher $370.00 for all work performed in the 2023-24 timeframe. I find no cause to reduce the requested hours or rates.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 38-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $46,371.51 (representing $44,106.10 in fees plus $2,265.41 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix

---

[3] See *McCulloch v. Sec'y Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

2

B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.